JANE FRAIN, &c. v. JOHN LUEN, &c. AND H. STEINWEIDE.

**Judicial Sales—Void.**

    A sale of land, under a judgment, in which the defendant, a feme covert, was not joined by her husband, in an amended petition, held void.

**Pleading—Amended Petition, after Void Judgment—Parties.**

    After a judgment had been entered· on a petition, Mrs. A. not being a party, an amended petition was filed against Mrs. A. only, and judgment rendered by default, and sale made.   Held, to be void, as when the amended petition was filed, the former judgment being void, the original case was not in court, the husband of Mrs. A. not being made a defendant.

APPEAL FROM KENTON CIRCUIT COURT.

December 8, 1870.

OPINION OF THE COURT BY JUDGE PRYOR:

The legal title to the lot in controversy sold by the commissioner to satisfy the judgment rendered in these consolidated causes was in Mrs. Frain—the conveyance made to her was attached as fraudulent, and a judgment rendered subjecting the property to the payment of the several debts due to the appellees.

There was no service of process on Mrs. Frain in the suit of Steinweide and the judgment directing a sale of the property was null and void.   The appellee, Steinweide, after the rendition of this judgment finding that Mrs. Frain had not been brought before the court by the service of process filed an amended petition after the rendition of the original judgment and at a subsequent term alleging that she had not been served with process

and asks for a judgment against subjecting her property to the payment of these debts. She is the only defendant to the amended petition—her husband is not made a party thereto. This amended petition was taken for confessed as against her, process having been served, and a judgment rendered subjecting the property to the payment of the debts in the first judgment mentioned. A sale was made by the commissioner of the lot under this last judgment and Steinweide, one of the plaintiffs, purchased it.

The judgment last rendered, as well as the sale under it, is void and passed no title to the purchaser. When the amended petition was filed the original case wat not in court, and in fact a sale had been made under it and that sale confirmed.

The amended petition asks that the case be redocketed.

The husband of Mrs. Frain is not made a defendant to this amendment, and she alone is called on to make defense to it. If regarded in the light of either an original or amended petition the husband should have been made a party.

Although the judgment was void it does not necessarily follow after such a judgment has been rendered that the plaintiff can at a subsequent term without any additional notice to the parties have that judgment violated or by an amended. petition vacated, and another judgment and sale of the property made. It is in fact an original proceeding—the first judgment had been executed and a sale of the property made and no second judgment should have been rendered afterwards in the same case and a sale made even between those who were parties and served with process, without consent or acquiescence in the proceedings, by which the last judgment was obtained.

We think the allegations of the petition in the case of Luen was sufficient to authorize a recovery. The petition discloses the fact that the owners of a majority of the front feet petitioned the council.

The judgment must be reversed as to all the appellees so far as it affects the rights of Mrs. Frain and the court below is directed to enter an order vacating the sale and to permit Mrs. Frain to file her answer to the original petition, and for further proceedings consistent herewith.

*Mooar, Carlisle,* for appellants.

*Fisks,* for Luen, &c.

*Stevenson and Myers,* for Steinweide, &c.